[Civ. No. 9487.    Third Dist.    Oct. 5, 1959.]

WOODLAND SCHOOL DISTRICT OF YOLO COUNTY, Appellant, v. WOODLAND CEMETERY ASSOCIATION (a Corporation), Respondent.

*Assigned by Chairman of Judicial Council.

Anthony B. Avilla, District Attorney (Yolo), and Ervin F. Vaughan, Deputy District Attorney, for Appellant.

John A. Young for Respondent.

WARNE, J. pro tem.*—This is an appeal from a judgment entered after sustaining a demurrer to appellant's first amended complaint without further leave to amend.

Appellant contends that the trial court abused its discretion in refusing further leave to amend. We agree.

Appellant commenced this action to condemn certain lands for necessary school purposes. It is alleged in the complaint that the property in question is owned by the respondent Woodland Cemetery Association and has been dedicated for cemetery purposes, but that none of said property has heretofore been used therefor. Respondent in its brief states that the dedication was actually made pursuant to section 8550 et seq. of the Health and Safety Code.

Section 8553 of said code provides: "Upon the filing of

---

*Assigned by Chairman of Judicial Council.

the map or plat and the filing of the declaration for record, the dedication is complete for all purposes and thereafter the property shall be held, occupied, and used exclusively for a cemetery and for cemetery purposes.''

Section 1240, subdivision 3, of the Code of Civil Procedure provides in part that the right of eminent domain may be exercised as to ''[p]roperty appropriated to public use; but such property shall not be taken unless for a more necessary public use than that to which it has already been appropriated; . . .''

■ By necessary implication we feel that under the terms of section 1240, subdivision 3, of the Code of Civil Procedure eminent domain may be exercised to acquire property dedicated for cemetery purposes when the facts warrant a finding that the intended use is a more necessary public use than that to which it has already been appropriated, notwithstanding the language of section 8553 of the Health and Safety Code providing that after property is dedicated for cemetery purposes the property shall be held, occupied, and used exclusively for such purpose.

■ While it is alleged in the complaint that the property in question is necessary for school purposes, there is no allegation of fact or facts to show that such use is ''a more necessary public use than that to which it has already been appropriated.'' Without such an allegation we feel that the complaint was subject to the demurrer. Apparently the trial court sustained the demurrer without leave to amend because of the lack of any such allegation. The appellant should have been afforded the right to amend its complaint in order to present such issue, and we feel the denial of such right constituted reversible error.

Here we have a situation where the land in question although dedicated as a cemetery has not been used as such. It is conceivable that under such circumstances use for school purposes could be held to be a more necessary use. ■ While the burial or other safe disposition of the dead is a necessity essential to the preservation of the health of the living, it may not reasonably be urged that the burial of the dead is a more truly public use than the intellectual development of our citizens. The higher education of youth in its largest implications is recognized as a most important public use, vitally essential to our governmental health and purposes. (*University of Southern California* v. *Robbins*, 1 Cal.App.2d 523,

530 [37 P.2d 163].) Hence it appears to us that it is a question of fact under the existing circumstances as to whether the taking of the lands in question for necessary school purposes would be a more necessary public use than that for which it has already been appropriated, that is, cemetery purposes. It is not solely a question of law as contended for by respondent.

It is ordered that the judgment be reversed and the trial court is directed to sustain the demurrer to the first amended complaint with leave to amend.

Peek, Acting P. J., and Schottky, J., concurred.